912 F.2d 463
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis NOWLIN, Jr., Plaintiff-Appellant,
v.
Officer McCOY, L.W. Simpson, Officer, Defendants-Appellees.
 No. 89-6640.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1989.
Decided Sept. 4, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-88-542-R)
 Curtis Nowlin, Jr., appellant pro se.
 John L. Walker, Jr., Elizabeth Kay Dillon, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before WIDENER, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis Nowlin, Jr., a Virginia inmate, brought this 42 U.S.C. Sec. 1983 action alleging that he was held in solitary confinement for 10 days without a hearing and that a record of a prison disciplinary infraction of which he was not convicted remained in his permanent record. He named as defendants Officer McCoy, the officer who cited him for the disciplinary infraction; Officer L.W. Simpson, whose involvement with the incident was not alleged; and the Lynchburg City Jail. The defendants moved to dismiss on the ground that Nowlin failed to allege personal involvement of the defendants. The district court told Nowlin that he could file affidavits or other evidence to refute the motion to dismiss but did not tell him that he should amend his complaint to name the proper defendants. Nowlin did not file anything further, and the district court dismissed for failure to name proper defendants. Nowlin appealed.
 
 
 2
 It is possible that Nowlin's allegations could state a claim of constitutional deprivation cognizable under 42 U.S.C. Sec. 1983. Specifically, Nowlin's allegation that he was held in solitary confinement without a hearing, in the absence of evidence that he was held pending investigation of the infraction or for jail security, could state a claim. Hughes v. Rowe, 449 U.S. 5, 11 (1980). If Nowlin was held pending investigation of the charges against him or for security reasons, his allegations would not state a claim of constitutional deprivation. Hewitt v. Helms, 459 U.S. 460, 473 (1983). If, however, he was held without a hearing for punitive reasons, his allegations may have merit. Wolff v. McDonell, 418 U.S. 539 (1974). The record is not clear regarding the purpose of the isolation, but it is possible that Nowlin could have stated a meritorious claim regarding his confinement.
 
 
 3
 The district court's failure to inform Nowlin that he should have amended his complaint to name the proper defendants in light of the potentially meritorious claims renders the dismissal improper. This Court held in Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978), that when a pro se litigant has
 
 
 4
 alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court.
 
 
 5
 574 F.2d 1147, 1152-53. Because the district court failed properly to instruct Nowlin, we vacate the order dismissing the action and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.
 
 
 6
 VACATED AND REMANDED.